Order Form (01/2005)

# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10-C-5553 | **DATE** | September 10, 2010 |
| **CASE TITLE** | Torres v. Freedom Wireless, Inc. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Plaintiff's Application to Proceed *in forma pauperis* (doc. # 4). The Court GRANTS Plaintiff's Motion to Appoint Counsel (doc. #5). The Court appoints Max A. Stein, at Reed Smith LLP, 10 S. Wacker Drive, 40th Floor, Chicago, IL, 60606, to represent Plaintiff.

Counsel is instructed to confer with Plaintiff to determine whether an Amended Complaint can be filed consistent with counsel's obligations under Fed. R. Civ. P. 11, and to file it if necessary or otherwise seek leave to withdraw. The Court will instruct the U.S. Marshal to serve summons if and when it receives an Amended Complaint that states a claim under Fed. R. Civ. P. 8.

■[ For further details see below.]    Docketing to mail notice.

## STATEMENT

Ivan Torres filed his Complaint against Freedom Wireless, Inc. *pro se*. Torres seeks to proceed *in forma pauperis* and asks the Court to appoint counsel for him. The federal *in forma pauperis* statute enables indigent litigants to have meaningful access to federal court, allowing them to proceed without prepaying filing fees and other court costs. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). Nevertheless, a litigant who proceed without the burden of court costs or filing fees does so at the expense of the public. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court must assess both whether Torres truly is indigent and also whether his claim states a claim for relief. *Id.* at 327.

Torres's Complaint is difficult to follow. He states that he invested $21,000 in a "wireless business," but does not state explicitly that Freedom Wireless was that business or when he made that investment (though the Court guesses from his pleadings that it was sometime in 1996). He refers vaguely to a company called One Stop Wireless that solicited an investment from him. Later, he states that he received information from "the entity of this investment" (whether that means Freedom Wireless or One Stop Wireless, the Court cannot be sure) that the investment he made was a scam and the certificates of partnership he obtained were fraudulent. Torres goes on to detail how he quit his job, got evicted from his apartment, and became homeless.

Torres attaches numerous documents to his Complaint. He attaches a Royalty Participation Partnership Agreement. That Agreement created a partnership to manage a patent held by Freedom Wireless, soliciting investments in exchange for royalty payments derived from the patent. Torres also attaches a notice from the District Court of Nevada informing recipients that a settlement has been made in a class action against Freedom

| STATEMENT |
|---|

Wireless. Torres does not allege or offer any indication that he was on the list of persons to be notified by the Nevada District Court. He does, however, also attach a letter to the Nevada District Judge informing him that he would like to be excluded from the class on the grounds that his tort claims would be too severe. Finally, Torres attaches numerous documents detailing his financial status.

The Federal Rules of Civil Procedure require a plaintiff to make a short and plain statement of the grounds on which his claim rests. The purpose behind Rule 8 is to enable both the Court and opposing litigants the opportunity to understand the nature of a plaintiff's complaint. *Pafford v. Herman*, 148 F.3d 658 (7th Cir. 1998). The Court cannot do that here. First, it is not clear just precisely what entity Torres believes his claim is against. On the one hand, he appears to state that Freedom Wireless mismanaged an investment. Perhaps he is pursuing a claim similar to that pursued by the class in Nevada. On the other hand, Torres also makes allegations that the investment that he made was fraudulently solicited. He refers to the company that solicited his investment as One Stop Wireless and states that someone informed him that the investment scheme was a scam. If it is true that some company used Freedom Wireless's partnership agreement to fraudulently solicit investments from citizens, then the remedy for Torres's injury is not a suit against Freedom Wireless, but one against One Stop Wireless (or whatever company engaged in the fraudulent investment scheme). In any event, none of Torres's allegations concerning his employment history and living situation are relevant to these potential claims.

Based on Torres's Complaint, the Court cannot hold that Torres has stated a claim under Fed. R. Civ. P. 8. Ordinarily, the Court should dismiss Torres's Complaint based upon his failure to state a claim. However, even though the Court cannot discern the precise nature of Torres's claim, it is concerned that he may in fact have a claim. Given the state of his Complaint, which includes numerous typographical errors, misspellings, and misusage of words, the Court is further concerned that even if it instructed Torres to amend his Complaint to comply with Rule 8, it still would not be able to identify the basis of his claim. Torres's financial affidavit demonstrates he is without the means to pay the Court's filing fee or afford an attorney. The Court concludes that the interests of justice would be materially advanced if Torres were given an attorney to help identify whatever claim he might have, if he indeed has one. Consequently, the Court GRANTS Torres's motion to proceed *in forma pauperis* and grants his motion to appoint counsel. Max A. Stein, at Reed Smith LLP, is appointed to represent Torres. Counsel is instructed to confer with Torres to determine whether an Amended Complaint can be filed consistent with counsel's obligations under Fed. R. Civ. P. 11. Counsel is instructed to file an Amended Complaint, if necessary, on or before October 15, 2010, or seek leave to withdraw if an Amended Complaint cannot be filed consistent with Rule 11.

*Wm. J. Hibbler* (signature)