Order Form (01/2005)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5553 | **DATE** | May 6, 2011 |
| **CASE TITLE** | Torres v. Freedom Wireless | | |

**DOCKET ENTRY TEXT:**

After reviewing Torres's Amended Complaint, the Court determines that it is frivolous within the meaning of 28 U.S.C. § 1915(e)(2) and therefore DISMISSES his Complaint with prejudice. Torres's Motion for Appointment of Counsel (doc. #18) is denied as moot.

■[ For further details see below.]          Docketing to mail notice.

## STATEMENT

In September 2010, Torres filed his Complaint and asked the Court to allow him to proceed *in forma pauperis*. The Court granted Torres's motion, but withheld on directing the U.S. Marshal to serve summons, largely because Torres's Complaint made little sense. Among other things, he named Freedom Wireless as the defendant but alleged that One Stop Wireless had defrauded him. He went on to detail how he quit his job, got evicted from his apartment, and became homeless, which had little to do with an allegedly fraudulent investment scheme.

Still, because the Court was concerned that a kernel of a claim existed in Torres's pleadings, it appointed counsel for him to determine whether a Complaint that was consistent with Fed. R. Civ. P. 11 could be filed. In April 2011, the lawyer represented that he could not file an amended complaint consistent with his obligations under Rule 11 and the Court relieved him of his appointment.

Meanwhile, Torres requests appointment of another lawyer and has filed an amended complaint. The Amended Complaint makes little sense. It continues to identify Freedom Wireless as a defendant but alleges that One Stop Wireless solicited an investment from him. He continues to allege that a fraudulent investment scheme caused him to quit his job and even incur hospitalization in a mental hospital.

A litigant who proceed without the burden of court costs or filing fees does so at the expense of the public, and the Court must assess whether Torres states a claim for relief before allowing him to proceed. *Neitzke v. Williams*, 490 U.S. 319, 324, 327 (1989). The Supreme Court has made clear that the IFP statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless." *Neitzke*, 490 U.S. at 325. A *sua sponte* dismissal of a *pro se* IFP complaint as frivolous is appropriate under 28 U.S.C. § 1915(d) if the claims lack an arguable basis in law or fact. *Id.* at 325. A factual or legal basis is absent if the complaint espouses a inarguable legal conclusions, such as those that are fantastic, fanciful, or delusional. *Id.* at 325, 327; *Denton v. Hernandez*, 504 U.S. 25, 32-33.

## STATEMENT

    Even under the very liberal reading we accord *pro se* pleadings, Torres's claims lack an arguable legal basis. There is no basis under the law to hold Freedom Wireless responsible for the fraudulent acts of One Stop Wireless. And even if there were a basis to hold Freedom Wireless responsible for such acts, an allegation that a fraudulent scheme (particularly one that deprives you of money) causes someone to quit their job can only be described as fanciful. Accordingly, the complaint must be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

*Wm. J. Hibbler*